DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA,          )
(Farmers Home Administration),     )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )          1:04-cv-99
                                   )
ROOSEVELT A. LEE and RHONDA,       )
BEATRICE LEE,                      )
                                   )
          Defendants.              )

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

### Background

On February 12, 1980, Defendant and his wife acquired a fee simple interest as tenants

by the entirety with right of survivorship in certain real property located at Plots Nos. 1Bba and

1Bbb Estate Hannah's Rest, West End Quarter, St. Coix, Virgin Islands (hereinafter "the

property").  On May 13, 1980, Defendant and his wife executed and delivered to Plaintiff, United

States of America, Farmers Home Administration, a promissory note (hereinafter "the First

Note") in which they agreed to pay Plaintiff the principal sum of $25,400.00, together with

interest at the rate of 10.00% per annum.  On that same day, they executed and delivered to

Defendant a real estate mortgage ("the First Mortgage") on the property.  The First Mortgage

was recorded.  Additionally, on that date they entered into a Subsidy Repayment Agreement

with Defendant that provides for Plaintiff to recapture interest credits granted to them upon

foreclosure of the First Mortgage.

On November 4, 1980, Defendant and his wife executed and delivered a second

promissory note (hereinafter "the Second Note") in which they agreed to pay the Defendant the

principal sum of $4,000.00, together with interest at the rate of 11.5% per annum.  On that same

day, they executed and delivered to Defendant a real estate mortgage ("the Second Mortgage") on the property.   The Second Mortgage was also recorded.   Additionally, on that date they entered into a Subsidy Repayment Agreement with Defendant that provides for Plaintiff to recapture interest credits granted to them upon foreclosure of the Second Mortgage.

Subsequently, they entered into 6 reamortizations and/or deferral agreements.

On November 3, 1994, Defendant's wife died.   On November 21, 1994, Defendant conveyed a remainder fee simple estate to his niece, Rhonda Beatrice Lee, by Deed of Gift, reserving for himself a life estate in the property.

As of May 2, 2000, Defendant has failed to comply with the terms and conditions of the Notes, Mortgages, Subsidy Agreements and Reamortization and/or Deferral Agreements.   As a result, Defendant is in default.

Plaintiff filed a Complaint against both Roosevelt Lee and Rhonda Lee, as having a legal and equitable interest in the Property.   (ECF No. 1).   Roosevelt Lee answered the Complaint. (ECF No. 4).

Rhonda Lee received a copy of the Complaint and a waiver of service of summons.   She signed the waiver of service of summons.     (ECF No. 44).   Rhonda Lee, however, never answered the Complaint or otherwise responded thereto.

Based on the above, Plaintiff filed a Motion for Summary Judgment against Roosevelt Lee (ECF No. 45) and a Motion for Entry of Default against Rhonda Lee.   (ECF No. 48).   The Clerk of Court entered default against Rhonda Lee.   (ECF No. 49).   Plaintiff has now filed a Motion for Default Judgment against Rhonda Lee.   (ECF No. 55).

As of July 1, 2011, no subsidy recapture is owed on either mortgage.   However, as of that same date, Roosevelt Lee is indebted to Plaintiff as follows:

|  | First Note | Second Note |
|---|---|---|
| Principal amount | $32,973.45 | $4,332.15 |
| Unpaid Interest as of 7/1/11 | $38,867.56 | $5,882.70 |
| Costs | $12,131.46 | |

Thus, the total indebtedness on the First Note is $83,972.47 as of 7/1/11.  Interest accrues at the rate of 10% on the First Note until the date of judgment.  The total indebtedness on the Second Note as of 7/1/11 is $10,214.85.  Interest accrues at the rate of 11.5% on the Second Note until the date of judgment.

**Motion for Summary Judgment as to Roosevelt Lee**

Plaintiff moves for summary judgment against Roosevelt Lee.[1]  (ECF No. 45).  In response, Defendant, Roosevelt A. Lee, filed only an "Answer to Motion for Summary Judgment."[2]  (ECF No. 50).  Plaintiff filed a Reply and an Amended Reply thereto.  (ECF Nos. 54 and 58).  After careful consideration of the same and based on my reasoning set forth below, said Motion (ECF No. 45) is granted.

In opposition, I note that Roosevelt Lee does not dispute that he is in default of the promissory notes and mortgages he signed that secures the debt owed to Plaintiff.  *See*, ECF No. 50.  Rather, Roosevelt Lee attempts to raise issues by attacking the veracity of the amount owed.  *Id*. at ¶¶1-3.   In response, Plaintiff acknowledges the legitimacy of Roosevelt Lee's arguments, but argues that they do not create genuine issues of material fact so as to defeat

---

[1] In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion.  *International Raw Materials, Ltd. v. Stauffer Chemical Co*., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact.  *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987).   The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).   A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  *Celotex*, 477 U.S. at 322.

   Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.  Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

[2] Roosevelt Lee did not file a response to Plaintiff's Statement of Facts.  Consequently, pursuant to Local Rule 56.1(d) of the District Court of the Virgin Islands, I find that the asserted facts, to the extent Roosevelt Lee fails to address them in his "Answer," are not disputed for purposes of summary judgment.

summary judgment in its favor and have submitted documentation to deal with Roosevelt Lee's issues.  *See,* ECF No. 58.

For example, Roosevelt Lee argues that Plaintiff "does not specify which mortgage it refers to when it states 'the' mortgage" so, Roosevelt Lee "assumes" that Plaintiff is seeking to foreclose on the first note, which then means that the second note is discharged by operation of law.  *Id.* at ¶1.   In response, Plaintiff supplies a proposed Amended Judgment that unambiguously states its intent to foreclose on both the first and second mortgages:  "[A]ll other liens or encumbrances that may have been recorded against the Property after the date of recording of the first and second mortgages…are herewith foreclosed…"  (ECF No. 58-1, p. 5).  *See also,* Affidavit of Kimme Bryce ("Thus I can reasonably certify that the amounts shown on Exhibit N-1 are the reasonable amounts that are due the government for Defendant's default on the first and second mortgages as well as all other fees that are stated on the Payoff Information Sheet attached thereto[.]") (ECF No. 58-2, p. 3, ¶10).  Based on the same, there is no genuine issue of material fact that Plaintiff intends to foreclose on both mortgages.  Therefore, Roosevelt Lee's contrary assumption is incorrect.

Roosevelt Lee's remaining arguments all stem from the affidavit of Kimme Bryce, Area Special for the local Rural Development office. (ECF No. 50, ¶¶2-3).  Roosevelt Lee argues that Ms. Bryce failed to verify in her affidavit that her statements are true and correct based on personal knowledge.  (ECF No. 50, ¶3).  To correct such error, Plaintiff filed an additional supporting affidavit by Ms. Bryce which now contains the language that the statements she makes are based on her personal knowledge and are the correct amounts owed.  (ECF No. 58, p. 4 and ECF No. 58-2).  Based on the same, I find that are no genuine issues of material fact surrounding whether Ms. Bryce's statements are true and correct based on her personal knowledge.

Finally, Roosevelt Lee questions the accuracy of the calculations of interest, costs and maximum subsidy recapture owed under the applicable promissory notes, mortgage, and

4

amortization agreements. (ECF No. 50, ¶¶2). In response, Plaintiff attached an Amended Statement of Facts in Support of its original Motion correcting improper calculations and providing support for the new figures.  (ECF No. 58, p. 4 and ECF Nos. 58-3 and 58-4). Therein, Plaintiff has recalculated the figures and indicates that it is no longer seeking subsidy recapture.  Based on the same, I find there is no genuine issue of material fact regarding the calculation of interest, costs and subsidy recapture.

Thus, I find that Plaintiff has addressed Roosevelt Lee's challenges sufficiently.  Plaintiff has corrected clerical errors and has provided sufficient foundation for Roosevelt Lee's indebtedness, as well as the amount of his indebtedness to Plaintiff such that there is no genuine issue.  Since neither the notes nor the status of the payments are in dispute, I find that summary judgment in favor of Plaintiff is warranted.

### Motion for Default Judgment

On June 13, 2011, Plaintiff, United States of America, filed a Motion for Entry of Default as to Defendant, Beatrice Lee only.  (ECF No. 48).  The Clerk entered default the same day. (ECF No. 49).  On July 30, 2011, Plaintiff filed a Motion for Default Judgment, a brief in support, and an affidavit in support.  (ECF Nos. 55-57).  On August 2, 2011, the Court ordered a response to the Motion for Default as to Defendant, Beatrice Lee, by August 23, 2011.  To date, no response has been filed by Defendant, Beatrice Lee.  After careful consideration of the same and based on my reasoning set forth below, said Motion (ECF No. 48) is granted.

Rule 55 sets forth the procedure for obtaining a default judgment.  Fed. R. Civ. P. 55. Rhonda Lee has failed to come forward with any response as to why default judgment should not be entered and why the requested relief should not be granted.

Based on the above discussion on the summary judgment motion, there is no issue that Roosevelt Lee is in default and that summary judgment in favor of Plaintiff is warranted.  To that end, the Property, for which Rhonda Lee has a legal and equitable interest, is now subject to

foreclosure and sale.  Thus, it appears that there is no meritorious defense on the part of Rhonda Lee as to the default on the Property.

I further find that Plaintiff is prejudiced by Rhonda Lee's failure to respond to the Complaint and proceed with the litigation.  Finally, there is no doubt that Rhonda Lee has an interest in the Property, but has simply decided not to answer the Complaint that was due May 9, 2011, *see,* Fed. R. Civ. P. 4(d)(3), and failed to respond to the Motion for Default Judgment as required by August 23, 2011, by order of this court.  Consequently, the grounds for default have been established and are not in doubt.

I find there is no need to hold a hearing as the damages at issue are certain and no further evidence is necessary.

THEREFORE, this 5th day of January, 2012, it is ordered as follows:

1.      Plaintiff's Motion for Default Judgment against Rhonda Lee (ECF No. 48) is granted; and

2.      Plaintiff's Motion for Summary Judgment against Roosevelt Lee (ECF No. 45) is granted and it is further ordered as follows:

A.      That Plaintiff, the United States of America (Rural Development f/k/a Farmers Home Administration), is awarded judgment against Defendant, Roosevelt A. Lee, on the First Note in the principal amount of $32,973.45 as of July 1, 2011, plus accrued interest in the amount of $38.867.56 through July 1, 2011; and costs in the amount of $12,131.46. Interest continues to accrue at the rate of $11.8783 per diem until the date of this judgment, and thereafter at the legal rate of interest until paid in full;

B.      That Plaintiff is awarded judgment against Defendant on the Second Note in the principal amount of $4,332.15 as of July 1, 2011, plus accrued interest in the amount of $5,882.70 through July 1, 2011. Interest continues to accrue at the rate of $1.3649 per diem until the date of this judgment, and thereafter at the legal rate of interest until paid in full;

C.      That Plaintiff has a first and second priority lien on the Property;

D.      That all other liens or encumbrances that may have been recorded against the Property after the date of recording of the first and second mortgages and the notice of lis pendens in this matter or that may be recorded any time hereafter against the interests of Roosevelt A. Lee and Rhonda Beatrice Lee, or their successors and assigns in the Property, are herewith foreclosed;

E.      That the liens recorded against the Property by Plaintiff be foreclosed and that the Property be sold by the U.S. Marshal at a judicially supervised sale and that the proceeds of sale be distributed first to the expense of the sale and then toward satisfaction of this judgment in favor of the United States, including any sums that may be paid by the United States for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale. The surplus, if any, remaining after application of the proceeds as provided above, shall be paid into the registry of the Court; and

F.      That:

1.      The Clerk of the Court shall issue an Order of Sale commanding the United States Marshal to seize and sell the property described above at public auction, in accordance with 28 U.S.C. §§ 2001 and 2002.

2.      Notice of the Marshal's sale shall be published prior to the sale once a week for at least four (4) consecutive weeks in a newspaper regularly issued and of general circulation in the Territory of the Virgin Islands. The notice shall describe the property as set forth above and shall contain the terms and conditions of sale as set out herein.

3.      The terms and conditions of the sale shall be as follows:

a.      The Property shall be sold as a whole or in separate parcels at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands.

b.      The United States may bid a credit against its judgment and interest thereon, plus any costs and expenses.

c.      The terms of sale as to all other persons or parties bidding shall be bank check, cashier's check or money order. The successful bidder, called purchaser herein, shall be required to deposit with the United States Marshal a bank check, cashier's check or money order equal to ten percent (10%) of his total bid at or before 5:00 p.m. on the

7

date of sale; and the remaining ninety percent (90%) of said purchase price to be paid on or before 5:00 p.m. within thirty (30) days, including the date of sale.

       d.    The United States Marshal shall make his report of sale within ten (10) days from the date of the sale.

       e.    If no objections have been filed in writing in this cause with the Clerk of the Court by 10 a.m. within fifteen (15) days inclusive from the date of sale, the sale shall be confirmed immediately thereafter without necessity of motion, or upon motion of the United States, the purchaser, any party in interest in this cause, or by the Court upon its own motion.

       4.    The proceeds of sale shall be applied first to the expenses of the sale, then to Plaintiff's costs in this suit, and then to payment and satisfaction of this judgment as set forth herein.

       5.    Plaintiff shall have any and all writs necessary to execute the terms of this judgment.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge